**WheelerTriggO'Donnell LLP**

Michael T. Williams
303.244.1867
williams@wtotrial.com

July 31, 2013

Gino J. Agnello
Clerk of the Court
U.S. Court of Appeals for the Seventh Circuit
Room 2722
219 South Dearborn Street
Chicago, Illinois 60604

    Re:    Supplemental authorities pursuant to Fed. R. App. P. 28(j)
             in *Butler v. Sears Roebuck & Co.*, Nos. 11-8029, 12-8030,
             on remand from U.S. Supreme Court

Dear Mr. Agnello:

    Defendant Sears, Roebuck and Co. submits the attached supplemental authorities in support of the points made on pages 5-9 of its Circuit Rule 54 Statement (Dkt. 30). These July 2013 decisions of the Eighth and Tenth Circuits—which Plaintiffs string cited in their Circuit Rule 54 Statement (Dkt. 31-1 at 7)—reject class certification after applying *Comcast*.

    *Halvorson v. Auto-Owners Insurance Co.*, 718 F.3d 773 (8th Cir. 2013), ruled that individual issues predominated where the defendant insurance company's purportedly uniform practice of paying the "usual and customary rate" required individual analysis of medical patient claims. The court explained that "members of the class incurred different injuries," which "necessitates individual fact inquiries for each member of the class." *Id.* at 780. In other words, "a named plaintiff cannot represent a class of persons who lack the ability to bring suit themselves." *Id.* at 779. That ruling applies directly here, where most class members suffered no injury, and fact of injury, along with a host of other liability issues and defenses, must be examined case by case.

    *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, --- F.3d ----, 2013 WL 3389469 (10th Cir. July 9, 2013), likewise denied class certification, despite the existence of a "uniform payment methodology" under gas leases, because the propriety of certain cost deductions "might vary by well, depending on gas quality." *Id.* at *5. The Court relied on the "strict burden of proof" under Rule 23, and disapproved the notion that certification requirements are "liberally construed

# Wheeler Trigg O'Donnell LLP

Gino J. Agnello,
Clerk of the Court
July 31, 2013
Page 2

and doubts may be resolved in favor of certification." *Id.* at *3. In this case too, questions of liability, customer use, causation of injury, defenses, and damages all require individual scrutiny.

Sincerely,

Michael T. Williams

Attachments

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Supplemental Authorities was filed via the Court's electronic filing system on July 31, 2013, which will serve electronic notice to all parties of record.

s/ Michael T. Williams
Michael T. Williams
Wheeler Trigg O'Donnell LLP
370 Seventeenth St., Suite 4500
Denver, CO 80202
Telephone:  (303) 244-1800
Facsimile:   (303) 244-1879
