**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
t 212.355.9500
f 212.355.9592

August 1, 2013

Jonathan D. Selbin
Partner
jselbin@lchb.com

**VIA ECF**

Gino J. Agnello
Clerk of the Court
United States Court of Appeals for the Seventh Circuit
219 South Dearborn Street
Chicago, IL 60604

      RE:    *Butler v. Sears, Roebuck & Co.*, Nos. 11-8029, 1280—response to submission of supplemental authorities.

Dear Mr. Agnello:

      Plaintiffs write in response to Sears' July 31, 2013 letter. While filed under Rule 28(j), Sears' letter does not bring to the Court's attention *new* cases, but rather is an out-of-rule reply to Plaintiffs' Rule 54 Statement, filed July 30, 2013. Sears, like Plaintiffs, could have discussed these cases in its statement, but did not.

      Sears' characterization of the cases also is wrong.

      In *Halvorson v. Auto-Owners Insurance Co..*, 718 F.3d 773, 779-81 (8th Cir. 2013), the Eighth Circuit reversed certification of a class of insureds under a state insurance statute, finding that individual issues overwhelmed common issues with respect to *liability* determinations. *Id.* That statute required an individualized assessment of whether insureds were charged "usual and customary" rates, which also implicated class member standing. *Id.* Here, as this Court previously found (and the Sixth Circuit reaffirmed), common issues predominate with respect to liability issues.

      Unlike in *Halvorson*, moreover, standing here is not in doubt. No consumers received the benefit of their bargain—all purchased a defectively-designed washer that develops mold and requires unexpected, extraordinary, and costly maintenance. As a result, the market price was higher than it should have been for all purchasers, and all have had to expend additional money (at Sears' and Whirlpool's direction) to try to address the problem. Indeed, the Eighth Circuit distinguished *Halvorson* from (and expressly reaffirmed) *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 630 (8th Cir. 2011), a warranty class action similar to this one addressing standing issues.

Gino J. Agnello
August 1, 2013
Page 2

      Nor does the Tenth Circuit's holding in *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, --- F. 3d ---, 2013 U.S. App. LEXIS 13842 (10th Cir. July 9, 2013), support Sears. To the contrary, it reaffirmed that "there are ways to preserve the class action model in the face of individualized damages," including use of Rule 23(c)(4) and liability-only certification. *See id.* at *17-18 (citing *Comcast*, 133 S. Ct. at 1437 & n.* (Ginsburg, J. and Breyer, J., dissenting)).

                                                  Very truly yours,

                                                  Jonathan D. Selbin

JDS/ls
cc: All Counsel of Record (via ECF)
1124779.2